IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02222-BNB

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES,

Plaintiff,

v.

AMDUJAR,

Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, William Lee Lornes the III, also known as William Lee Lornes, currently is detained at the Denver Van Cise-Simonet Detention Center. The caption of this order has been corrected to include his alias. Mr. Lornes filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court has reviewed the Prisoner Complaint and finds that it is deficient. Mr. Lornes' claims are barely intelligible. He appears to allege that Denver sheriff, Amdujar, verbally abused him, including making comments of a sexual nature. He also complains that he was verbally abused by someone with the surname of Pear, and denied visitation and access to a telephone by unspecified defendants. He also submits numerous unexplained exhibits to the complaint. Mr. Lornes asserts his claims

pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, because he is not suing federal officials, his claims more properly are asserted pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006) (noting that "a *Bivens* action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983).

To the extent Mr. Lornes seeks to hold the Denver sheriff or any other individual liable for civil rights violations, he must name such individuals in the caption of the complaint and allege facts in the text of the complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Moreover, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an ‘affirmative' link exists between the unconstitutional acts by their subordinates and their ‘adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such ‘misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the

defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Lornes may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Lornes uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. Mr. Lornes also must provide the full address for each named defendant so that each defendant can be properly served.

The amended Prisoner Complaint Mr. Lornes will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a) provides that a complaint “must contain (1) a short and plain statement of the grounds for the court’s jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.” The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that “[e]ach allegation must be simple, concise, and direct.” Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Neither the Court nor the defendant is required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant’s attorney in constructing

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Lornes is advised that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Lornes should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Accordingly, it is

ORDERED that the clerk of the Court add William Lee Lornes, the alias for William Lee Lornes the III, to the docketing records for this case. It is

FURTHER ORDERED that Plaintiff, William Lee Lornes, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order. It is

FURTHER ORDERED that Mr. Lornes shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Lornes fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, on August 22, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge